1

2

3

4

5

6                      **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8

9    RICHARD C. GASTON,

10          Petitioner,                              Case No. 2:05-CV-01437-PMP-(PAL)

11   vs.                                             **ORDER**

12   STATE OF NEVADA,

13          Respondent.

14

15          Before the Court are Respondent's Motion to Dismiss (#8) with supporting Exhibits

16   (#9) and Petitioner's Opposition (#10).  The Court finds that the  Petition Under 28 U.S.C. § 2254

17   for Writ of Habeas Corpus (#1) is untimely and grants the Motion (#8).

18          Pursuant to an agreement Petitioner, Richard C. Gaston, pleaded guilty to first degree

19   murder with the use of a deadly weapon.  Ex. B (#9-2, p. 12).  Gaston did not directly appeal his

20   original judgment of conviction, entered June 30, 1994.  Ex. E (#9-3, p. 29).  He did file a state

21   habeas corpus petition on November 6, 1995.  Petition, p. 4 (#1-1, p. 3).[1]  The district court denied

22   it.  Ex. I (#9-5, p. 2).  Gaston appealed, and on October 2, 1998, the Nevada Supreme Court

23   dismissed the appeal.  Ex. L (#9-5, p. 13).  Remittitur issued on October 21, 1998.  Ex. M (#9-5, p.

24   16).  Gaston then filed a motion to withdraw his guilty plea on July 28, 2003.  Ex. N (#9-6, p. 2).

25   The district court denied the motion.  Ex. R (#9-7, p. 10).  Gaston appealed, and on September 22,

26   _____

27       [1]Respondent's Index of Exhibits (#9) states that Exhibit F is a copy of the state habeas
     corpus petition, but no Exhibit F is in the record.  Nevertheless, the parties agree on the date that
28   Gaston filed the petition.

1    2004, the Nevada Supreme Court affirmed on the basis of laches but remanded for entry of an

2    amended judgment that stated the minimum parole eligibility of ten (10) years for the murder and

3    ten (10) years for the use of a deadly weapon. Ex. T (#9-7, p. 17). Remittitur issued on October 19,

4    2004. Ex. U (#9-7, p. 23). The district court entered its amended judgment of conviction on

5    December 6, 2004. Ex. V (#9-7, p. 25). Gaston filed a notice of appeal from the amended judgment

6    of conviction on January 10, 2005. Ex. W (#9-7, p. 28). The Nevada Supreme Court affirmed on

7    March 8, 2005. Ex. AA (#9-8, p. 27).

8             Congress has limited the time in which a person can petition for a writ of habeas

9    corpus pursuant to 28 U.S.C. § 2254:

10            A 1-year period of limitation shall apply to an application for a writ of habeas corpus
              by a person in custody pursuant to the judgment of a State court. The limitation
11            period shall run from the latest of—
              (A) the date on which the judgment became final by the conclusion of direct review
12            or the expiration of the time for seeking such review;
              (B) the date on which the impediment to filing an application created by State action
13            in violation of the Constitution or laws of the United States is removed, if the
              applicant was prevented from filing by such State action;
14            (C) the date on which the constitutional right asserted was initially recognized by the
              Supreme Court, if the right has been newly recognized by the Supreme Court and
15            made retroactively applicable to cases on collateral review; or
              (D) the date on which the factual predicate of the claim or claims presented could
16            have been discovered through the exercise of due diligence.

17   28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the

18   United States denies a petition for a writ of certiorari or when the time to petition for a writ of

19   certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R.

20   13(1). When a judgment of conviction becomes final before § 2244(d) was enacted, the period

21   commences on April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any

22   time spent pursuing a properly-filed application for state post-conviction review or other collateral

23   review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period

24   of limitation resumes when the post-conviction judgment becomes final upon issuance of the

25   remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-

26   conviction petition is not "properly filed" and does not toll the period of limitation. Pace v.

27   DiGuglielmo, 544 U.S. 408, 417 (2005). Equitable tolling of the period might be available, but the

28

1  petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some

2  extraordinary circumstance stood in his way."  Id. at 418.

3          The parties disagree over when Gaston's judgment of conviction became final.

4  Respondent argues that it became final when the time to appeal the original judgment of conviction

5  expired, on August 1, 1994.  Motion, p. 5 (#8).[2]  Gaston argues that the judgment became final

6  when the time to review his amended judgment of conviction expired.

7          Gaston bases his argument upon United States v. Colvin, 204 F.3d 1221 (9th Cir.

8  2000), which construed the parallel statute of limitations for motions attacking federal sentences

9  pursuant to 28 U.S.C. § 2255.  In the United States District Court for the District of Alaska, Colvin

10  was convicted of one count of conspiracy to distribute cocaine and three counts of aiding and

11  abetting in the distribution of cocaine.  Id. at 1222.  Colvin directly appealed his conviction.  On

12  June 17, 1997, the Court of Appeals for the Ninth Circuit reversed the conviction on count 9, one of

13  the aiding-and-abetting counts.  The court of appeals issued its mandate on July 29, 1997, and, after

14  some argument, the district court entered its amended judgment on October 16, 1997.  Colvin did

15  not appeal from this amended judgment.  Colvin filed his § 2255 motion on October 5, 1998.  The

16  district court rejected Colvin's determined that Colvin's judgment of conviction became final on

17  September 15, 1997, when Colvin's time to appeal to the Supreme Court of the United States

18  expired, and thus the motion was untimely.  Id. at 1222-23.  Colvin appealed, and the court of

19  appeals held:

20          If we reverse any portion of a defendant's conviction or sentence and remand to the
          district court, a defendant will know that the judgment of conviction does not
21          become final until the district court has acted on remand and the time has passed for
          appealing the district court's action.
22

23  204 F.3d at 1225-26 (emphasis added).

24          Gaston's case differs from Colvin in two important respects.  First, he cannot satisfy

25  one of the two conditions in the Colvin holding.  The Nevada Supreme Court remanded to the

26  _____

27          [2]Respondents actually argue that the judgment became final on July 30, 1994, thirty (30)
   days after entry of the judgment, see Nev. R. App. P. 4(b)(1), but July 30 was a Saturday, thus
28  moving the deadline to August 1, see Nev. R. App. P. 26(a).

1   district court, but it did not reverse any portion of his conviction or sentence.  The sentence itself has

2   never been illegal.  The original judgment provided for life imprisonment with the possibility of

3   parole, and at the time eligibility came after, and only after, ten (10) years.  Nev. Rev. Stat.

4   § 200.030(4)(b) (1993).[3]  The Nevada Supreme Court simply instructed the district court to state

5   that term explicitly.

6         Second, the original judgment in Colvin had never actually become final.  The court

7   of appeals reversed on direct appeal, and the government conceded "that in the usual case of a

8   reversal and remand, the judgment of conviction would not become final until after the district court

9   had acted on the appellate court's mandate."  204 F.3d at 1224.  The disagreement came over

10  whether Colvin could have appealed from the amended judgment.  Id.  By contrast in Gaston's case,

11  the Nevada Supreme Court directed entry of the amended judgment not only after the original

12  judgment of conviction became final, not only after Gaston's state post-conviction review had

13  concluded, but also after § 2244(d)'s one-year period of limitation had already expired.  As noted

14  above, Gaston's judgment of conviction became final on August 1, 1994, when his time to appeal to

15  the Nevada Supreme Court expired.  The one-year period started to run on April 25, 1996, and it

16  was immediately tolled because Gaston's state habeas corpus petition was pending.  The period

17  resumed on October 21, 1998, with the issuance of the remittitur in his state habeas corpus appeal.

18  The period thus expired on October 21, 1999.  If Gaston had filed a federal habeas corpus petition in

19  2000 or 2001, for example, there would have been no question that the petition would have been

20  untimely without equitable tolling.  Timeliness of this action becomes a question only because

21  Gaston filed an untimely motion to withdraw his guilty plea and the Nevada Supreme Court took the

22  opportunity to have his sentence clarified.  Gaston's argument would lead the Court to resurrect an

23

24

25      [3]Because this was not a capital case, the only other option at the time was life imprisonment
        without the possibility of parole.  Nev. Rev. Stat. § 200.030(4)(b).  A year after Gaston pleaded
26      guilty and was sentenced, the Nevada Legislature amended § 200.030 to allow life imprisonment
        without the possibility of parole, life imprisonment with the possibility of parole after twenty (20)
27      years, or a minimum term of twenty (20) years and a maximum term of fifty (50) years.  1995 Nev.
        Stat, ch. 443, § 44 (June 30, 1995).
28

1   already-expired period of limitations, based upon nothing more than the correction of a clerical

2   error.  The Court does not interpret Colvin so broadly as to require this result.

3              Gaston's argument for equitable tolling is unpersuasive.  Gaston must show "(1) that

4   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

5   way."  Pace, 544 U.S. at 418.  Gaston's argument is that nobody ever noticed a problem with his

6   sentence until the Nevada Supreme Court remanded in 2004 for entry of an amended judgment that

7   stated the minimum term of imprisonment that he must serve before being eligible for parole.

8   However, this did not stand in the way of Gaston filing his state habeas corpus petition, and it would

9   not have stood in the way of filing a timely federal habeas corpus petition.  Gaston cannot claim that

10  he did not know of the confusion among the district court, the prosecutor, and his counsel over the

11  possible sentence because he was present at his plea hearing.[4]  Ex. C (#9-2, p. 2).  Therefore, Gaston

12  has not shown that he warrants equitable tolling.

13             Respondent makes two other arguments:  That Gaston had named the incorrect

14  Respondent, and that Gaston had not pleaded with the required specificity.  As Gaston notes, these

15  arguments are moot because the Court is dismissing this action as untimely.  Opposition, p. 2 (#10).

16             IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (#8) is

17  **GRANTED**.  This action is **DISMISSED** as untimely.  The Clerk of the Court shall enter judgment

18  accordingly.

19             DATED this 8th day of September, 2006.

20

21  _____

22  PHILIP M. PRO
    Chief United States District Judge

23

24

25

26  [4]Defense counsel thought that Gaston could receive a sentence of life imprisonment with the
    possibility of parole after twenty (20) years, plus an equal and consecutive sentence for the use of a
27  deadly weapon.  Ex. C, p. 12 (#9-3, p. 13).  As noted above, that sentence was not possible at the
    time.  Gaston suffered no harm because he received the lightest sentence possible, regardless of the
28  confusion.

-5-